THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES MOMAH,<br><br>                     Petitioner,<br><br>      v.<br><br>JEFFREY A UTTECHT,<br><br>                     Respondent. | CASE NO. C15-0536 JCC<br><br>ORDER AMENDING JUDGMENT |

This matter comes before the Court on Petitioner's motion to alter or amend judgment (Dkt. No. 41). Petitioner moves the Court to amend its previous order in which it declined to issue a certificate of appealability. (Dkt. No. 39 at 12–13.) For the reasons explained herein, the Court finds oral argument unnecessary and hereby GRANTS Petitioner's motion.

**I. BACKGROUND**

Among Petitioner's habeas claims was his argument that the trial court closed the courtroom during most of one day of voir dire in violation of his Sixth Amendment right to a public trial. (Dkt. No. 37 at 6–8.) In its previous order, the Court agreed that the trial court misapplied the closure analysis established in *Waller v. Georgia*, 467 U.S. 39, 47 (1984), but denied Petitioner's claim. (Dkt. No. 39 at 10–12.)  The Court held that because Petitioner did not object to the closure, he waived his Sixth Amendment right to a public trial. (*Id*.) The Court also declined to issue a certificate of appealability on this or any other claim. (*Id.* at 13–14.)

Petitioner now argues that the Court's analysis as to his closure claim was either incorrect or subject to dispute, and therefore this claim merits a certificate of appealability.

**II. DISCUSSION**

Petitioner argues that it is federal criminal procedure, not the Sixth Amendment, which requires a defendant to object to a closure or else waive his public trial right. Petitioner bases this argument on somewhat ambiguous precedent, *e.g.*, *Levine v. United States*, 362 U.S. 610, 618-19 (1960), and the fact that federal courts use plain error analysis for courtroom closures to which a defendant did not object. *E.g.*, *United States v. Negron-Sostre*, 790 F.3d 295, 306 (1st Cir. 2015). Petitioner argues that if the Sixth Amendment requires a defendant to object to a closure, then failing to do so could never be excused.

Petitioner further argues that if the objection requirement actually arises from federal criminal procedure rather than the constitution, then he did not waive his public trial right by failing to object. That is because, according to Petitioner, defendants in state trial court are not required to comply with federal procedural rules in order to preserve their habeas claims. Therefore, since the trial court misapplied the closure analysis, it allegedly violated Petitioner's public trial right regardless of his failure to object, since this failure supposedly only matters under federal criminal procedure.

But in *Waller* itself, wherein the Supreme Court established the proper analysis for courtroom closure, the Court explicitly stated that a trial court need only conduct this analysis when the closure is "over the objections of the accused." 467 U.S. at 47. This holding was in direct response to a state court trial. *Id.* at 41–43. Furthermore, it is apparent that other constitutional rights may be waived during a criminal trial in state court. For example, in *Campbell v. Blodgett*, the Ninth Circuit held on habeas review that a defendant in state court could waive his constitutional right to be present at every stage of trial. 978 F.2d 1502, 1511 (9th Cir. 1992). The court in *Campbell* also found that "[t]he most basic rights of criminal defendants are similarly subject to waiver," the public trial right among them. *Id.* at 1508.

Petitioner has not pointed to a single Supreme Court opinion holding that a defendant's public trial right was violated even when the defendant did not object to the closure. *See Williams v. Taylor*, 529 U.S. 362, 379–81 (2000) (holding that a habeas petitioner must demonstrate that his state court adjudication resulted in a decision contrary to Supreme Court precedent). The Court is therefore confident that Petitioner has failed to establish that the trial court, in closing the courtroom, made a decision that was contrary to or unreasonably applied federal law. 28 U.S.C. § 2254(d).

Nonetheless, the Court agrees with Petitioner that it is unclear whether the need to object to a closure is a constitutional requirement. If it is not, then Petitioner's argument that a state court defendant should not also have to comply with federal criminal procedure to preserve his habeas claims deserves consideration. Respondent argues that the Supreme Court has already settled this issue, but the only case in which the Court squarely addressed a defendant's failure to object to a closure began in federal court. *Levine*, 362 U.S. at 611–12.

To merit the issuance of a certificate of appealability, "obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Instead, a petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court finds that Petitioner has met this standard. The question of whether Petitioner waived his public trial right by failing to object to a closure in state court is an issue that deserves encouragement to proceed further.

### III. CONCLUSION

For the forgoing reasons, Petitioner's motion to amend (Dkt. No. 41) is GRANTED. The Court ISSUES a certificate of appealability for Petitioner's closure claim.

//

1    DATED this 14th day of May 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE